IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SAMANTHA ZAMORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-05028-CV-SW-RK |
| | ) | |
| STELLAR MANAGEMENT GROUP, INC., D/B/A QUALITY SERVICE INTEGRITY; AND STELLAR MANAGEMENT GROUP III, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On November 9, 2016, this case came before the Court for a telephone conference to address the following: Defendants' Motion for Order of Contempt (doc. 53), Motion for Clarification and Reconsideration (doc. 56), and Motion to Quash Subpoena (doc. 59). Having considered Defendants' motions and consistent with the Court's rulings as set forth during the telephone conference, the Motion for Order of Contempt is DENIED, the Motion for Clarification and Reconsideration is GRANTED in part, and the Motion to Quash Subpoena is DENIED as moot.

A.  **Defendants' Motion for Order of Contempt**

Defendants' request that the Court enter an Order of Contempt against third-parties David DeLeon and Jose Lopez Perez. Defendants state that on October 5, 2016, David DeLeon and Jose Lopez Perez were served with subpoenas issued by counsel for Defendants requiring each of them to produce certain documents, messages, correspondence, and cell phones at the law office of Defendants' counsel on October 17, 2016. Defendants contend that neither Mr. DeLeon nor Mr. Perez complied with the subpoenas.

B.  **Defendants' Motion for Clarification and Reconsideration**

In this motion, Defendants request that the Court issue clarification of, and also reconsider the Court's October 8, 2016 Order (doc. 52). This order followed a telephone conference call held in this matter regarding a discovery dispute, which was requested by the

parties. In particular, Defendants' motion addresses the following portion of the Court's October 8, 2016 Order:

> . . . Plaintiff is directed to re-produce Jose Lopez Perez with an interpreter for one additional hour of cross examination by Defendants' counsel. For this additional hour, Defendants shall pay the costs for the interpreter and their scope of cross-examination precludes further questioning related to the witness's family.

(Doc. 52.) Defendants request that the Court reconsider its previous order, and further request the Court to order Plaintiff to pay for the court reporter, videographer, and interpreter for the continued deposition of Jose Lopez Perez; require Plaintiff to reproduce Jose Lopez Perez; remove any time limit on the examination of Jose Lopez Perez other than what is set forth in the Federal Rules of Civil Procedure; and remove the Court's limitation on the scope of inquiry.

Pursuant to Fed. R. Civ. P. 30(d) and its inherent authority to address discovery misconduct, the Court can impose sanctions for behavior by counsel that impedes or frustrates the fair examination of the deponent. Based on its review of the deposition transcript, the Court finds the Defendants' cross-examination of Mr. Lopez contravenes Rule 30(d) in that it included questions regarding the witness's family that appear to be unreasonably intimidating and oppressive in nature. However, the Court reconsiders its previous order and determines that requiring Defendants to pay for the interpreter and limiting the scope of cross-examination are sufficient to deter this conduct. The Court thus removes the earlier imposed time limitation.

**C.     Defendants' Motion to Quash Subpoena**

In this third motion, Defendants request that the Court either quash the subpoena served by Plaintiff upon Jose Lopez Perez for a deposition to occur on November 15, 2016, or, alternatively, that the Court expedite the briefing schedule regarding Defendants' Motion for Clarification and Reconsideration. Defendants state that Plaintiff has refused their request to postpone the continued deposition of Jose Lopez Perez until the Court has ruled on their Motion for Clarification and Reconsideration.

After careful consideration of these motions, the Court orders as follows:

1. Defendants' Motion for Order of Contempt (doc. 53) is DENIED.
2. Defendants are precluded from obtaining and imaging phones of potential witnesses, including parties, without approval of the Court, which will not be given without further briefing by the parties on this issue.

3. Defendants are to issue subpoenas as provided in Fed. R. Civ. P. 45(d)(2)(A) to David DeLeon and Jose Lopez Perez that command for the same production previously required in the subpoenas that were served on October 5, 2016, but omitting reference to cell phones, and that further command for their appearances on November 15, 2016, at the previously scheduled deposition for Jose Lopez Perez. At that time, should either individual not comply with the production requirement, Defendants will have the opportunity to question these two individuals as to why they have not so produced.

4. Defendants' Motion for Clarification and Reconsideration (doc. 56) is GRANTED in part in that the first numbered paragraph of the Court's October 18, 2016 Order is amended as follows:

    a. Plaintiff is directed to re-produce Jose Lopez Perez for deposition. The duration of the deposition, in its entirety, and including the continued deposition, is to be limited as provided in Fed. R. Civ. P. 30(d). For the continued deposition, Plaintiff is to provide, and pay the costs for a court reporter and videographer. Defendants are to provide, and pay the costs for an interpreter. Defendants' scope of cross-examination precludes further questioning related to the witness's family, unless the family member has been employed or is employed by one of the Defendants or approval by the Court. To obtain the Court's approval, Defendants are to submit proposed questions for the Court's review.

5. Because the Court now disposes Defendants' Motion for Clarification and Reconsideration, Defendants' Motion to Quash Subpoena (doc. 59) is DENIED as moot. **SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: November 10, 2016