```
 1                  UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MISSOURI
 2                        SOUTHERN DIVISION

 3
       SAMANTHA ZAMORA,            )  Case No. 3:16-CV-5028-RK
 4                                 )
              Plaintiff,           )
 5                                 )
       VS.                         )
 6                                 )
       STELLAR MANAGEMENT GROUP,   )
 7     INC.,                       )
                                   )  November 9, 2016
 8            Defendant.           )  Kansas City, Missouri

 9
                  *****************************************
10
                    TRANSCRIPT OF TELEPHONE CONFERENCE
11                      BEFORE ROSEANN KETCHMARK
                        UNITED STATES DISTRICT JUDGE
12
                  *****************************************
13
       APPEARANCES:
14
       For Plaintiff:              Andrew S. Buchanan
15     (Via speakerphone)          Buchanan Williams & Stilley, PC
                                   7908 Bonhomme
16                                 Suite 200
                                   St. Louis, Missouri  63105
17
       For Defendant:              Lance Roskens
18     (Via speakerphone)          Taylor Stafford Clithero
                                     Fitgerald & Harris, LLP
19                                 3315 East Ridgeview
                                   Suite 1000
20                                 Springfield, Missouri  65804

21
                       Regina A. Lambrecht, RDR, CRR
22                     United States Court Reporter
                       400 E. 9th Street, Suite 8652
23                       Kansas City, MO  64106

24
       Proceedings recorded by mechanical stenography, transcript
25     produced by computer.
```



EXHIBIT 3

1     THE COURT:  The witnesses didn't object?

2     MR. ROSKENS:  Correct.

3     THE COURT:  Did the subpoena -- I don't have that in
4  front of me -- did it advise these witnesses of the scope of
5  the search that you planned, that -- that you were basically
6  going to search their whole inventory history?

7     MR. ROSKENS:  The subpoena just states to have them
8  produce the -- all the messages between themself and the
9  plaintiff, the plaintiff's attorney law firm, or the
10 plaintiff's husband and to produce the phone for inspection.

11    THE COURT:  Oh, it does say for inspection?

12    MR. ROSKENS:  Well, I mean, you check the portion
13 that asked for things to be produced for inspection on the
14 subpoena if I recall correctly.

15    THE COURT:  Let me see.  Production.  You're to
16 produce -- have you -- to me this just seems overly broad
17 discovery request, and, you know, these folks, these witnesses
18 are lay witnesses.  They're not experts, and -- and they may
19 not be very savvy in what they can agree to do or what's -- do
20 you -- have you done this with other witnesses in the past?

21    MR. ROSKENS:  I do not provide legal advice to
22 individuals that I don't represent if that's what you're
23 asking me.

24    THE COURT:  Oh, I'm sorry.

25    MR. ROSKENS:  I have not provided them any advice as

1 to whether or not they should object or it whether it should
2 be objectionable. I don't represent them. And if they
3 haven't -- if they had an objection, I certainly would have
4 attempted to work with them to try to figure out a way that we
5 could meet any objections that they may raise. But no
6 objections were ever raised.
7     THE COURT: Have you asked other witnesses in other
8 cases to produce their phone so you could make an image of all
9 their historical data?
10     MR. ROSKENS: I have not. I've never had an
11 instance before where a witness has testified that the
12 plaintiff offered them compensation to testify and then told
13 me the text messages were on the phone different than what he
14 has. So this is a unique situation.
15     THE COURT: Are you familiar with any other case in
16 where this was approved?
17     MR. ROSKENS: I've never researched the issue,
18 because as I said, there was never any opposition raised.
19     THE COURT: Well, I'm just sua sponte making this an
20 issue whether, you know, the defense counsel raises it or
21 these witnesses' attorney raised it, I just have a hard time
22 with that practice, that line of practice. And I would like
23 you to brief your ability to subpoena such a wide scope of
24 discovery of such personal information that may contain
25 passwords, financial information, work related material. So

1   I -- I do want you to brief that before you obtain any phones
2   or image any phones of your witnesses or the defense witness
3   without their clear understanding of what you are doing, that
4   their phones are being imaged and all of the contents,
5   historical data is being copied for your review or potential
6   review.
7        So aside from the phones, do you have any problem, then,
8   with Mr. Perez producing any actual messages that he can
9   produce or communications that he can produce on the November
10  15th deposition day?  Does that --
11            MR. ROSKENS:  No.
12            THE COURT:  Does that satisfy your motion for
13  contempt regarding those messages of Jose Perez?
14            MR. ROSKENS:  You mean if he has -- if he produces
15  them there, then that's -- I mean, I think he's still in
16  contempt.  If he shows up and he doesn't produce anything, I
17  think he's double contempt.  But, I mean, I don't have any
18  issue with him complying with it.  I just want to get the
19  message.
20            THE COURT:  Okay.  Okay.  Well, then that -- that's
21  where we are with Jose Perez, that he should comply with the
22  subpoena but to honor that when he conveniently sees you on
23  November the 15th during the deposition.  But until you
24  receive approval from the Court, from me, to physically obtain
25  that phone of this witness, or any other witness, I want you

1  you know, just ridged rules and just getting, you know,
2  discovery. Go ahead.
3            MR. ROSKENS: If I may, this is Lance Roskens. The
4  third party didn't comply with the subpoena. It has nothing
5  to do with my ability to work with Mr. Buchanan. Mr. Buchanan
6  did not, as far as I'm aware, instruct either of these
7  individuals not to comply with the subpoena. There is no
8  guarantee, that given that they would not comply with my
9  subpoena, that they will comply with any subpoena issued by
10 Mr. Buchanan. This isn't an issue, in my opinion, of -- of
11 failure of me and Mr. Buchanan to work together. This is
12 simply a third party that ignored -- two third parties that
13 ignored subpoenas. And that's why we're at where we're at
14 now.
15      I could call Andrew and talk about it, but it's not going
16 to do any good because Andrew doesn't represent these
17 individuals, as far as I'm aware.
18           THE COURT: Are you able to subpoena both DeLeon and
19 Jose Lopez-Perez for November 15th to produce the texts and to
20 answer questions regarding those communications in addition to
21 what you've done on your deposition notice?
22           MR. BUCHANAN: Is that for Andrew Buchanan, Your
23 Honor? Is that directed to me?
24           THE COURT: That's directed to Mr. Roskens. Can --
25 can you notice up both David DeLeon and Jose Lopez to produce

1    those communications on November the 15th and to answer
2    relative questions regarding those -- that production of those
3    communications?

4           MR. ROSKENS:  I would have to look at Rule 45.  My
5    recollection is that there is a notice requirement I think of
6    10 days, I may be wrong, that a third party must have before
7    being required to produce documents.  If that is the case, and
8    like I said, I'd have to look at the rule to know for certain,
9    then, no, I would not be able to have these individuals served
10   with a subpoena to have things produced on the 15th, unless
11   that subpoena was not going to be valid.

12          THE COURT:  Are they able to waive that?  I'd have
13   to look at the rules.  There's got to be a way you can issue a
14   subpoena under a certain situation like this.  Let me look.
15   Well, good grief.  If they don't object to the 10-day rule,
16   can't you try to issue them a subpoena and see if they appear
17   and see if you can get your communications?  And if they show
18   up without any, that you would have a court reporter and you
19   can ask them, "Today you didn't produce any.  Why didn't you?"
20   And then you can take that record to the Court and I could be
21   more informed on what the back story is to why you're not
22   receiving the material you're asking for.

23          MR. ROSKENS:  I guess I could if the Court is going
24   to impose upon my client additional costs and expenses and
25   serving -- having another subpoena served and issued to an

1  individual who's already refused to comply with it, if that's
2  what the Court wants us to do, then yes, I could do that.
3             THE COURT:  Well, I'm ordering that, yes.  Do that,
4  please.  And also brief fully the request for phones, and do
5  not issue a subpoena for the phones until you receive approval
6  from the Court after briefing.  So does that take care of our
7  motion for contempt, Mr. Roskens?
8             MR. ROSKENS:  What are we going to do if they don't
9  appear, Judge?
10            THE COURT:  Well, we'll take that as it's handed to
11 us.
12            MR. ROSKENS:  Okay.
13            THE COURT:  But I'm going to assume that they will
14 at least show up at that location on the 15th.  At that point
15 you will be at least able to ask on the record and get them --
16 get their answer.  But right now it's kind of hard to just
17 assume what's going on.  That's -- that's not a good position
18 for me to be in.  And if they don't show up --
19            MR. ROSKENS:  My client is also going to have to
20 incur the cost then of another court -- court reporter's fee,
21 transcript fee for another deposition here.  The federal rules
22 do not require, of course, the deposition for production of
23 documents.  But you're indicating to me that I need to depose
24 Mr. DeLeon if he should show up and doesn't bring anything?
25            THE COURT:  I think under the rules when you issue a