IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SAMANTHA ZAMORA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-CV-05028-RK |
| ) | |
| STELLAR MANAGEMENT GROUP, INC. ) | |
| D/B/A QUALITY SERVICE INTEGRITY, ) | |
| et al. ) | |
| ) | |
| Defendant. ) | |

## REPLY IN SUPPORT OF DEFENDANTS' BRIEF IN SUPPORT OF SUBPOENAS REGARDING CELL PHONES

COMES NOW Stellar Management Group, Inc. and Stellar Management Group III, Inc., by and through counsel, and for their reply in support of their brief regarding cell phones in this matter, state as follows:

Plaintiff, in her response to defendants' brief, again attempts to assert an objection on behalf of David De Leon. Plaintiff claims that having De Leon turn over his cell phone or cell phones would constitute "an unnecessary invasion of his privacy" and also asserts that De Leon felt intimidated at his deposition. Plaintiff sites to no portion of the record to support plaintiff's argument. Moreover, as indicated by defendants in their original brief, plaintiff has no standing to assert any objection on behalf of David De Leon.

Plaintiff also claims that De Leon testified that most of the text messages with the plaintiff have nothing to do with the lawsuit. However, plaintiff cites to absolutely no portion of the record to support this contention. The reason plaintiff has failed to cite to

1

any portion of David De Leon's testimony to support the plaintiff's contention is because David De Leon did not so testify.

As set forth in defendants' original brief, De Leon admitted that at least some text messages had been deleted. Further, he admitted that he had contacted other employees or former employees of defendants' about the lawsuit or about the allegations being made by the plaintiff. All such communications were requested in the most recent subpoena served upon De Leon. However, none were actually produced.

Plaintiff has no standing to attempt to assert, on behalf of De Leon, that De Leon did not really mean what he said when he testified under oath that he would provide his cell phone for up to a week. Plaintiff also has no standing to claim that it would not be reasonable or necessary to image De Leon's phone. Plaintiff sites to no authority to support any of plaintiff's contentions.

As demonstrated in defendants' original brief, it is apparent that plaintiff engaged in multiple text messages with De Leon, messages which she subsequently deleted despite having a duty to maintain those messages. Defendants have exhausted all means available to them in order to attempt to obtain these messages as well as any other messages between De Leon and other employees or former employees.

WHEREFORE, defendants respectfully request that this Court enter an order allowing defendants to take whatever steps necessary in order to image David De Leon's cell phones, including but not limited to issuing another subpoena requiring production of the phone or phones along with any pass codes thereto and request such other and further relief as the Court deems just under the circumstances.

TAYLOR, STAFFORD, CLITHERO,
FITZGERALD & HARRIS, LLP

By _____
Lance A. Roskens
Missouri Bar No. 59408
lroskens@taylorstafford.com
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
Tel: 417-887-2020
Fax: 417-887-8431
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of December, 2016 the foregoing document was electronically filed via the court's electronic filing system and notice of this filing was thereby electronically sent to all counsel of record.

_____
Lance A. Roskens